IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| YUMMY YOGURT INDY, LLC, et al., | ) | |
|---|---|---|
| Plaintiffs/ Counterclaim Defendants, | ) ) ) ) | |
| v. | ) ) | Case No. CIV-15-272-C |
| ORANGE LEAF LICENSING LLC, et al., | ) ) ) ) | |
| Defendants, | ) | |
| ORANGE LEAF HOLDINGS, LLC, | ) ) ) | |
| Counterclaimant, | ) ) | |
| v. | ) ) | |
| YUMMY YOGURT INDY, LLC, et al., | ) ) | |
| Counterclaim Defendants. | ) | |

MEMORANDUM OPINION AND ORDER

Plaintiffs filed the present action asserting various claims against Defendants related to franchise agreements between the parties. In their 113-page, 413-paragraph Amended Complaint, Plaintiffs named as individual Defendants Reece Travis, Arty Straehla, Mike Liddell, and Wes Straehla. These Defendants now seek dismissal of the claims against them pursuant to Fed. R. Civ. P. 12(b)(6). According to the individual Defendants, to the extent Plaintiffs seek to raise common law fraud claims against them, their Complaint fails to plead with the particularity required by Fed. R. Civ. P. 9. The individual Defendants further argue

that, to the extent Plaintiffs attempt to plead claims under Indiana franchise law for fraud, they have misapplied the statute and/or again failed to plead with the requisite particularity.

In response, Plaintiffs concede that their common law fraud claim is inadequately pled and request leave to file an Amended Complaint. As for the claims based on Indiana law, Plaintiffs point to I.C. § 23-2-2.5-29 of the Indiana Franchise Act, arguing that statute imposes liability on any person who materially aids or abets in an act or transaction constituting a violation. Plaintiffs argue this statute authorizes their claims against the individual Defendants.

Plaintiffs' reliance on § 23-2-2.5-29 is misplaced. That statute states:

> Every person who materially aids or abets in an act or transaction constituting a violation of this chapter is also liable jointly and severally to the same extent as the person whom he aided and abetted, unless the person who aided and abetted had no knowledge of or reasonable grounds to believe in the existence of the facts by reason of which the liability is alleged to exist.

The statute does not apply to every violation of the Franchise Act; rather, the language of the statute clearly applies it solely to violations of chapter 2.5 of the Indiana Franchise Act. Thus, § 23-2-2.5-29 does not provide a basis to create individual liability for the individual Defendants under the other chapters of the Indiana Franchise Act that Plaintiffs allege were violated.

Plaintiffs' reliance on sections 23-2-2.7-1 and 23-2-2.7-2 is likewise unavailing. The opening sentence of each statute sets forth its application. "It is unlawful for any franchise agreement entered into between any franchisor and a franchisee . . . ." I.C. § 23-2-2.7-1. "It is unlawful for any franchisor who has entered into any franchise agreement with a

franchisee . . . ." I.C. § 23-2-2.7-2. Thus, these statutes by their plain language do not apply to the individual Defendants as each statute governs the content and responsibilities of a franchise agreement and the parties to that agreement. Plaintiffs do not suggest, nor is there any support for finding, that the individual Defendants were parties to any relevant franchise agreement. Accordingly, to the extent Plaintiffs pursue claims against the individual Defendants under I.C. §§ 23-2-2.7-1 or 23-2-2.7-2, their claims are dismissed with prejudice.

Turning to Plaintiffs' claims under § 23-2-2.5-27, that statute states:

> It is unlawful for any person in connection with the offer, sale or purchase of any franchise, or in any filing made with the commissioner, directly or indirectly:
> (1) to employ any device, scheme or artifice to defraud;
> (2) to make any untrue statements of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of circumstances under which they are made, not misleading; or
> (3) to engage in any act which operates or would operate as a fraud or deceit upon any person.

The individual Defendants could theoretically be liable under this statute. However, the Indiana Supreme Court has held that pleading a claim under this section requires pleading with particularity. Namely, the plaintiff must include the "the time, the place, [and] the substance of the false representations, the facts misrepresented, and the identification of what was procured by fraud." Cont'l Basketball Ass'n, Inc. v. Ellenstein Enters., Inc., 669 N.E. 2d 134, 138 (Ind. 1996) (internal quotation marks and citation omitted). As Plaintiffs recognize in their Response, their Complaint simply fails to provide the necessary information; therefore, the individual Defendants' Motion to Dismiss Plaintiffs' fraud claim

brought pursuant to § 23-2-2.5-27 will be granted and that claim will be dismissed without prejudice.

While the Court finds that Plaintiffs should be entitled to amend their Complaint, the Court is mindful of the length of the current Amended Complaint. Permitting the Plaintiffs to amend the Complaint to add additional length and complexity seems inconsistent with the requirements of Fed. R. Civ. P. 8. Given the relatively straightforward nature of the allegations that Plaintiffs have raised against Defendants, it is difficult to believe that those allegations cannot be more concisely brought in a manner that would satisfy the governing pleading standards of both Rule 8 and Rule 9. Accordingly, Plaintiffs are directed to make every effort to streamline any Amended Complaint filed as result of this Order in a manner to make it more functional from the standpoint of both the parties and the Court.

As set forth more fully herein, the individual Defendants' Motion to Dismiss (Dkt. No. 79) is GRANTED in part and DENIED in part. To the extent Plaintiffs brought claims pursuant to I.C. § 23-2-2.7-1 and § 23-2-2.7-2, those claims are dismissed with prejudice. To the extent Plaintiffs brought either common law or Indiana law based fraud claims, those claims are dismissed without prejudice. Plaintiffs shall file any Amended Complaint within ten days of the date of this Order.

IT IS SO ORDERED this 5th day of October, 2015.

_____
ROBIN J. CAUTHRON
United States District Judge