IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| YUMMY YOGURT INDY, LLC, et al., ) <br> ) <br> Plaintiffs, ) <br> v. ) <br> ) <br> ORANGE LEAF LICENSING LLC, ) <br> et al., ) <br> ) <br> Defendants, ) <br> ORANGE LEAF HOLDINGS, LLC, ) <br> ) <br> Counterclaimant, ) <br> ) <br> v. ) <br> ) <br> YUMMY YOGURT INDY, LLC, et al., ) <br> ) <br> Counterclaim Defendants. ) | Case No. CIV-15-272-C |

MEMORANDUM OPINION AND ORDER

Plaintiffs filed the present action against Defendant Orange Leaf Holdings and certain individual Defendants asserting claims for common law and statutory fraud, and breach of contract. The individual Defendants, Reece Travis, Mike Liddell, Wes Straehla, and Vincent Provenzano ("Individual Defendants") have filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6). The Entity Defendants have also filed a Motion to Strike arguing Plaintiffs' Amended Complaint was filed outside the time set by the Court by one day.

The Court will address the Motion to Strike first. Without deciding which party is correct in their varying interpretations of Fed. R. Civ. P. 6, the Court will not strike the Amended Complaint. Even accepting Entity Defendants' position that the document was

filed late, no prejudice to any party has been shown. Undoubtedly, the issue is not worth the time billed to clients or spent by the Court.

The Individual Defendants challenge the fraud claims raised in Count 1 of the Amended Complaint, arguing Plaintiffs did not state their fraud claims with the required particularity or, in the alternative, that the claims are barred by language in the agreements signed by the parties. The Individual Defendants direct the Court to a portion of the Agreements executed by the parties to which they refer as an integration clause.[*] In essence, the integration clause notes that the written documents constitute the entire, full, and complete agreement between the parties and supercedes any other prior agreements. Individual Defendants argue this clause is sufficient to waive any claim of fraud based on representations alleged by Plaintiffs as wrongfully inducing them to enter into the agreements. Plaintiffs argue that this clause cannot waive their claims under the Indiana Franchise Act, relying upon Wright-Moore Corp. v. Ricoh Corp., 908 F.2d 128 (7th Cir. 1990). Plaintiffs argue that in Wright-Moore the Seventh Circuit recognized that Indiana law prohibited waiving the remedies available under the Indiana Franchise Act. However, as Individual Defendants note, Wright-Moore further held, "that Indiana courts have never abrogated a written agreement based on an oral promise made prior to the written

---

[*] Because the integration clause is contained in documents referenced by Plaintiffs in their Amended Complaint and Plaintiffs raise no challenge to the authenticity of the portions cited by the Individual Defendants, the Court may rely on those documents without converting the motion to a summary judgment motion. See GFF Corp. v. Associated Wholesale Grocers, Inc., 130 F.3d 1381, 1384 (10th Cir. 1997).

agreement." Id., 908 F.2d at 141. As the Individual Defendants recognize, this language from Wright-Moore supports their argument that the integration clause would eliminate Plaintiffs' fraud claims. Because the integration clause establishes itself as controlling the scope of the parties' agreement, any prior oral representations could not overcome the written agreement. Consequently, the Court finds that Plaintiffs' fraud claims against the Individual Defendants must be dismissed with prejudice.

Individual Defendants also argue that certain of Plaintiffs' claims are based upon future events and therefore must be dismissed. In response, Plaintiffs argue that all representations or arguments of fraud are based upon past representations or past facts. To the extent such claims would exist, the Court finds they would also be barred by the integration clause, as they would be oral promises which would allegedly attempt to overcome the terms of the written agreement executed by the parties. These claims are likewise dismissed with prejudice.

Individual Defendants note that Plaintiffs included within the Amended Complaint certain claims which were dismissed by the Court's prior Order. Plaintiffs recognize that the claims were dismissed and state that their inclusion in the Amended Complaint was a scrivener's error. Accordingly, the Court finds that claims premised on I.C.23-2-2.7-1 and 23-2-2.7-2 should be dismissed with prejudice.

Plaintiffs raise claims for misappropriation of the advertising fund, breach of fiduciary duty, and interference with attempts to mitigate. The Court finds that the allegations in the Amended Complaint are insufficient to state such claims against the Individual Defendants.

3

Rather, it seems apparent that any wrongdoing in relation to these activities would have occurred solely on behalf of the Corporate or Entity Defendants rather than the Individual Defendants. The same would hold true for Plaintiffs' claims for breach of contract against the Individual Defendants. Those claims likewise shall be dismissed. These claims will be dismissed without prejudice. To the extent Plaintiffs believe a valid claim can be made, a Motion to Amend must be filed within 10 days of the date of this Order.

As set forth more fully herein, the Motion to Strike Second Amended Complaint by Entity Defendants (Dkt. No. 91) is DENIED. The Motion to Dismiss Plaintiffs' Second Amended Complaint (Dkt. No. 90) is GRANTED.

IT IS SO ORDERED this 28th day of January, 2016.

_____
ROBIN J. CAUTHRON
United States District Judge